ROBERT DAVID BAKER, INC.
Robert David Baker, Esq. (87314)
80 South White Road
San Jose, CA 95127
Telephone: (408) 251-3400
Facsimile: (408) 251-3401
rbaker@rdblaw.net

Attorney for Plaintiff
MARIA ARTEAGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ARTEAGA,<br><br>Plaintiff,<br><br>vs.<br><br>WIENERSCHNITZEL CORPORATION; WIENERSCHNITZEL; WIENERSCHNITZEL 33; WIENERSCHNITZEL 122; WIENERSCHNITZEL 129; GALARDI GROUP INC.; GALARDI GROUP FRANCHISE CORP; GALARDI GROUP FRANCHISE AND LEASING INC.; GALARDI GROUP INTERNATIONAL INC.; MATEWOS T. GETAHUN DBA WIERNERSCHNIT; ALMA ALMEDA; MATTHEW HETAGON<br><br>Defendants. | CASE NUMBER:<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:<br>1.) Violation of FLSA, section 207;<br>2.) Violation of California Labor Code § 510;<br>3.) Violation of Labor Code 226.7;<br>4.) Violation of Labor Code § 226(a);<br>5.) Violation of Labor Code §§ 201, 202, 203<br>6.) For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code §§ 17200, et seq. |

Plaintiff, MARIA ARTEAGA, alleges as follows:

## JURISDICTION AND VENUE

This action is brought pursuant to 28 U.S.C. § 1331; 29 U.S.C. §§ 201, et seq., and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

1. Plaintiff MARIA ARTEAGA, is an individual who, at all times referenced herein, resided in the United States Northern Judicial District of California, and has her place of residence is in Santa Clara County, California. MATEWOS T. GETAHUN; ALMA ALMEDA; MATTHEW HETAGON, at all times herein referenced were residents of the United States Northern Judicial District of California;

2. WIENERSHNITZEL is a corporation duly formed and operating in the state of California, with its principal place of business, and in particular, in Santa Clara County, California.

3. WIENERSCHNITZEL 33, WIENERSCHNITZEL 122, and WIENERSCHNITZEL 129, are business entities, whose form is unknown. "WIENERSCHNITZEL" is a dba for GALARDI GROUP INC., GALARDI GROUP FRANCHISE AND LEASING INC., and GALARDI GROUP FRANCHISE CORPORATION;

4. WIENERSCHNITZEL CORPORATION; WIENERSCHNITZEL; WIENERSCHNITZEL 33; WIENERSCHNITZEL 122; WIENERSCHNITZEL 129; GALARDI GROUP INC; GALARDI GROUP FRANCHISE AND LEASING INC; GALARDI GROUP FRANCHISE CORPORATION; GALARDI GROUP INTERNATIONAL INC., are collectively referred to hereinafter as "WIENERSCHNITZEL". MATEWOS T. GETAHUN DBA WIENERSHNIT; ALMA ALMEDA; MATTHEW HETAGON, for purposes of this lawsuit, are

collectively doing business as WIENERSCHNITZEL, all hereinafter collectively referred to as "Defendants");

5. Plaintiff alleges that WIENERSCHNITZEL ratified the unlawful conduct of the individual defendants as set forth hereinafter. The unlawful conduct of the individual defendants was done in the course and scope of their agency and employment with WIENERSCHNITZEL;

6. Plaintiff alleges that Defendants MATEWOS T. GETAHUN; ALMA ALMEDA; MATTHEW HETAGON were employers of WIENERSHNITZEL for the purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because each individual defendant had operational control on a day-to-day basis over the payroll and managerial operations of WIENERSCHNITZEL, and its purported employees. Plaintiff is informed and believes that the individual defendants are officers and/or directors of WIENERSCHNITZEL, and each individual defendant has a significant ownership stake in WIENERSCHNITZEL; the individual defendants control the company financially; the profits of WIENERSCHNITZEL inure directly to the individual defendants;

## SUBSTANTIVE ALLEGATIONS

7. Plaintiff MARIA ARTEAGA was employed by Defendants during the period four years prior to the filing of this complaint, to wit: 2006 to August 9, 2018. Her duties were nonexempt under state and federal law. She was paid on an hourly basis;

8. From on or after the date of her hire, until her separation from employment, Plaintiff was required to work in excess of eight hours per day and/or forty hours per week without overtime compensation;

9. During her employment with Defendants, Plaintiff was paid at an hourly rate;

10. During all times relevant herein, Plaintiff was denied rest breaks;

11. During all times relevant herein, Plaintiff was not subject to federal or state exemption from payment of overtime wages and meal and rest breaks.

**FIRST CAUSE OF ACTION**
(Violation of Fair Labor Standards Act – Overtime Compensation
As to all Defendants)

12. Plaintiff incorporates those paragraphs 1 through 11, inclusive, as if fully set forth hereinafter;

13. At all times relevant herein, Plaintiff was a covered employee pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA");

14. 29 U.S.C. § 207 requires all covered employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by law;

15. Although Plaintiff was not exempt from the requirement to be paid overtime during her employment with Defendants, and although Defendants had full knowledge of their duty to pay overtime compensation to Plaintiff, Defendants knowingly caused, suffered, and permitted Plaintiff to regularly work in excess of forty hours per week without paying her overtime wages of one-and-one-half her regular rate of pay. Specifically, the work for week beginning 12:00 a.m. on December 25, 2016, Plaintiff worked in excess of forty hours per week and was not paid overtime compensation;

16. By willfully not paying overtime wages in compliance with the FLSA, Defendants violated the rights of Plaintiff under the FLSA;

17. As a direct and proximate cause of Defendants' failure to pay overtime wages under the FLSA, Plaintiff incurred compensatory damages in the form of lost overtime

compensation;

18. Defendants willfully, intentionally, and with reckless disregard of their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff overtime compensation, and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to her lost overtime wages pursuant to 29 U.S.C. §216(b);

19. Plaintiff has been compelled to retain an attorney to bring this action for relief and is entitled to an award of reasonable attorney fees pursuant to 29 U.S.C. §216(b). WHEREFORE, Plaintiff prays for judgment as set forth below;

## SECOND CAUSE OF ACTION
(Violation of California Labor Code Sections 510 – Non Payment of Overtime
As to all Defendants)

20. Plaintiff re-alleges and incorporates the allegations of paragraphs 1- 19 as if fully set forth herein;

21. During the last 4 years, Plaintiff's employment was subject to California Labor Code Section 510, et. al, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which require all covered employees to be paid overtime for work performed in excess of forty hours per week and eight hours per day, unless specifically exempted by the law;

22. At all times relevant herein, Plaintiff regularly worked in excess of forty hours per week and/or in excess of eight hours per day. Plaintiff was not paid the required overtime rate;

23. During the last 4 years, Defendants knowingly and willfully caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week and/or eight hours per day without paying her the required overtime rate;

24. By not paying Plaintiff overtime wages in compliance with the state law, Defendants violated Plaintiff's rights under the law, specifically California Labor Code Section 510;

25. As a direct and proximate cause of Defendants' failure to pay proper overtime wages under the California Labor Code and Wage Orders, Plaintiff has incurred compensatory damages in the form of lost overtime compensation in amounts to be proven at trial;

26. Defendants were aware of the existence and requirements of the California Labor Code Section 510 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff the overtime compensation due her;

27. Plaintiff has been compelled to retain an attorney for the purpose of redress of the Labor Code violations and is entitled to an award of attorneys fees and pre-judgment interest pursuant to California Labor Code Section 1194(a), and other applicable Code sections;

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
(Meal and Rest Breaks - As to all Defendants)

28. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-27 as if fully stated herein;

29. At all times relevant herein, Plaintiff's employment with Defendants was governed by the California Labor Code and Industrial Welfare Commission Wage Order 14-2001;

30. During the period 4 years prior to the filing of the complaint, Plaintiff worked more than eight hours per day and over forty hours per week, yet Defendants failed to comply with Labor Code 226.7 with respect to meal and rest breaks;

31. By failing to provide meal and rest periods as set forth above, Defendants violated Plaintiff's rights under Labor Code Section 226.7;

32. As a direct and proximate cause of Defendants failure to provide the mandated meal and rest breaks under the California Labor Code and Wage Orders, Plaintiff has incurred compensatory damages in the form of lost rest break premiums in amounts to be proven at trial;

33. Defendants were aware of the existence and requirements of California Labor Code Section 226.7 and the Wage Orders, and Defendants willfully, knowingly, and intentionally failed to provide Plaintiff with the mandatory rest breaks;

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FOURTH CAUSE OF ACTION
(Failure to Pay Wages Upon Separation of Employment
As to all Defendants)

34. Plaintiff re-alleges and incorporates those allegations of paragraphs 1-33, as if fully stated herein;

35. Defendants are subject to Labor Code Section 201, and 203, which provide that upon discharge an employee must be immediately paid for all wages due;

36. Defendants failed to make immediate payment of wages due to Plaintiff upon her discharge;

37. By not paying Plaintiff immediate terminating wages upon discharge, Defendants violated Plaintiff's rights under Labor Code Sections 201 and 203;

38. As a direct and proximate cause of Defendants failure to pay immediate compensation due under California Labor Code Sections 201 and 203, Plaintiff has incurred compensatory damages in the form of lost wages, in an amount to be proven at trial;

39. Defendants were aware of the existence of the requirement of immediate payment of wages upon discharge pursuant to California Labor Code Sections 201 and 203, and willfully, knowingly, and intentionally failed to pay Plaintiff the immediate payment upon termination or layoff;

40. Plaintiff has been required to retain an attorney for the purposes of redress of the Labor Code Violations set forth herein and is entitled to an award of attorney fees and pre-judgement interest pursuant to California Labor Code Section 1194(a), and other applicable Labor Code sections.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
(For Restitution of Unpaid Overtime Wages In Violation of
California's Unfair Trade Practices Act
Business and Profession Code Sections 17200, et seq.
As to all Defendants)

41. Plaintiff re-alleges and incorporates those allegations of paragraphs 1-40, as if fully set forth herein;

42. At all times relevant herein, Plaintiff's employment with Defendants was governed by the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission and the FLSA, which require all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. Pursuant to the California Labor Code and Applicable Wage Orders, Defendants were required to provide meal and rest breaks to its employees;

43. During 4 years prior to filing the complaint, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000

*et seq.*). Defendants violated the Unfair Trade Practices Act, by <u>inter alia</u>, failure to pay Plaintiff overtime compensation and provide meal and rest breaks; and pay a minimum wage;

44. During 4 years prior to filing the complaint, Defendants wrongfully obtained monies from Plaintiff in the form of overtime and employee meal and rest break hours that inured to Plaintiff. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by the California Labor Code and applicable California Wage Orders, in order to give Defendants a competitive advantage over businesses with whom Defendants are in competition with, and who were in compliance with California wage and hour laws;

45. As a direct and proximate cause of Defendants' statutory violations, the rights of Plaintiff under the law were violated, causing her to incur general damages in the form of unpaid and lost wages to which he is legally entitled;

46. Defendants were aware of the existence and requirements of the state and federal wage and hour laws, and willfully, knowingly, and intentionally failed to pay Plaintiff overtime wages and provide meal and rest breaks. Plaintiff herein seeks restitution of such compensation pursuant to the Business and Professions Code §17203;

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them, and demands relief as follows:

1. Award Plaintiff compensatory damages for unpaid overtime wages, meal and rest break premiums, wages at termination, and other pecuniary losses in amounts to be proven at trial;

2. Award Plaintiff pre-judgment interest on amounts due under the FLSA and the California Labor Code;

3. Award Plaintiff liquidated damages according to the FLSA;

4. Award to Plaintiff restitution of unpaid overtime, meal and rest break premiums, and wages at termination, <u>inter alia</u>, pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

5. An order holding Defendants holding liable for all damages incurred by Plaintiff;

6. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and the FLSA;

7. Award Plaintiff her cost of suit herein;

8. Grant such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES**

Dated: April 3, 2020

_____
Robert David Baker, Esq.
Attorney for Plaintiff